**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

July 01, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

| | | |
|---|---|---|
| **RANDY LEE LASSITER, JR.,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:24cv00851** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **SGT. LOONEY, et al.,** | ) | **By: Robert S. Ballou** |
| **Defendants.** | ) | **United States District Judge** |

Plaintiff Randy Lee Lassiter, Jr., a Virginia inmate proceeding *pro se*, has filed this civil rights action under 42 U.S.C. § 1983, alleging excessive force and deliberate indifference to his medical needs on November 23, 2023.  The suit was originally filed in the United States District Court for the Eastern District of Virginia in November 2024 and was transferred to this court by order dated December 2, 2024.  On December 3, 2024, the matter was conditionally filed, assessing a $405.00 fee, which included a $55.00 administrative fee.  Plaintiff was provided the opportunity to apply to proceed *in forma pauperis* by completing a statement of assets and a prisoner trust account report for the six-month period prior to the filing of the Complaint. Plaintiff was informed that "FAILURE OF THE PLAINTIFF TO SUBMIT THE REQUESTED INFORMATION WITHIN THIRTY (30) DAYS SHALL RESULT IN DISMISSAL OF THIS ACTION WITHOUT PREJUDICE."  Dkt. No. 5.  Plaintiff failed to submit the documentation or otherwise communicate with the court within 30 days, and on January 15, 2025, the case was dismissed without prejudice.  Dkt. No. 7.

Thereafter, Lassiter filed a motion to reopen the case and for an extension of time to provide the documents, indicating that he had been placed on lockdown for three months, without access to his mail, as part of mental health precautions.  By order entered April 30, 2025,

the court granted the motion, re-opened the case, and gave Lassiter 30 days from that date to file his statement of assets and prisoner trust account report.  Dkt. No. 11.

On June 2, 2025, Lassiter filed a motion to proceed *in forma pauperis* (*IFP*) and requested an extension of time to file the trust report.  The court denied the *IFP* motion, without prejudice, but granted a 45-day extension to provide the requested documents.  Dkt. No. 15.  On September 2, 2025, Lassiter advised the court that he had been granted *IFP* status in the Court of Appeals.  Dkt. No. 16.  On November 25, 2025, he filed a statement of assets under penalty of perjury, dated November 21, 2025, denying that he had any assets, including in his prison trust account.  He filed another motion for leave to proceed *IFP*.  Dkt. Nos. 21, 22.

Because Lassiter stated on multiple occasions that the officers at the prison were "not trying to help him" with his trust account report, the court directed an Order to the Warden at Red Onion State Prison to provide Lassiter's prisoner trust account report.  Dkt. No. 23.  The Warden returned the trust account report on February 20, 2026.  Dkt. No. 25.  Lassiter then filed the report on March 2, 2026, which showed over $10,000 in savings throughout, and over $5,000 in his spending account at the end of May 2025 and $4868.08 in his spending account at the end of October 2025.  Dkt. No. 27.

By order entered May 22, 2026, the court severed the action into five separate lawsuits, one which retained this case number, and new case numbers assigned to the remaining four suits. In this suit, the court directed Lassiter to return the Consent form within 30 days to allow the filing fee to be deducted from his prisoner trust account.[1]  Thirty days have passed, and Lassiter has not sent the consent form to the court.

---

[1] *IFP* status has been denied in the remaining four suits, by separate orders directing him to pay the assessed fee in full within 30 days, or the cases will be dismissed without prejudice.

Because of his failure to comply with the Order of May 22, 2026, combined with his lengthy history of failing to cooperate with the court's orders, including efforts to deceive the court about his financial status, I will dismiss this action without prejudice.  Should Lassiter attempt to refile this suit, he is advised that his payment of fees in full must accompany the Complaint.  An appropriate order will be entered this date.

Entered:  July 1, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge